# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RUFF, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-10-0603 |
| v. : | |
| : | (Judge Caputo) |
| HEALTH CARE ADMINISTRATOR, : | |
| *et al.*, : | |
| : | |
| Defendants : | |

## *M E M O R A N D U M*

I.  Introduction

Plaintiff, John Ruff, an inmate presently confined at the Coal Township State Correctional Institution (SCI-Coal Township), Coal Township, PA, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 relating to the events of October 23, 2007, when he was improperly treated for a rib fracture.  Almost two years to the day after the injury, after experiencing "abnormal grown with moderate pain," an x-ray was taken and a rib fracture discovered.  (Doc. 1, Compl.)  Named as defendants are Kathryn McCarthy, SCI-Coal Township's Heath Care Administrator, SCI-Coal Township and SCI-Coal Township's Medical Staff as defendants.  Plaintiff has filed a motion for leave to proceed *in forma pauperis*.

The Complaint is presently before the Court for screening pursuant to 42 U.S.C. § 1983.  As Mr. Ruff fails to state a claim Ms. McCarthy and the other defendants are not amendable to suit under § 1983, the Complaint will be dismissed

against them without prejudice.  Mr. Ruff will be given the opportunity to file an amended complaint.

II.	Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a case filed *in forma pauperis* if we determine that it "fails to state a claim on which relief may be granted."  In applying this statutory requirement, the court relies on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  That Rule authorizes dismissal of a complaint, or a portion thereof, on basically the same ground, "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  While detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. 1955 at 1974.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.)  "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at

555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

III.     Discussion

A § 1983 claim may only be brought against "persons." *See* 42 U.S.C. § 1983. States and their derivative governmental institutions, including the Department of Corrections (DOC), prisons, and prison medical departments, are not "persons" for purposes of a civil rights action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70, 109 S.Ct. 2304, 2308-09, 2312, 105 L.Ed.2d 45 (1989) (states and their derivative entities); *Phippen v. Nish*, 223 F.App'x. 191, 192 (3d Cir. 2007) (nonprecedential opinion) (upholding decision from the Middle District of Pennsylvania that "SCI Waymart is not a 'person' within § 1983"); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (per curiam ) (state prison medical department cannot be sued under § 1983 because it does not fit the definition of a "person" under § 1983).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988)). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *Rode*, 845 F.2d at 1207-08; *see Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Individual liability can be imposed under

-3-

Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Rode, supra*. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

Insofar as Mr. Ruff has named SCI-Coal Township and SCI-Coal Township's Medical Staff as defendants, the Complaint must be dismissed. Neither a state prison nor its medical department can be sued under 42 U.S.C. § 1983 because they do not fit the definition of a "person" under Section 1983. *See Will*, *supra*; *Fischer*, *supra.* Likewise, the Complaint is also dismissed as to the Ms. McCarthy, SCI-Coal Township's Health Care Administrator, as Plaintiff has failed to allege her personal involvement in the alleged constitutional claim. *Rode*, *supra.*

IV. Conclusion

SCI-Coal Township and SCI-Coal Township's Medical Department are not "persons" under 42 U.S.C. § 1983, and thus immune from suit. Furthermore, Mr. Ruff fails to state a claim against Heath Care Administrator McCarthy as he has failed to allege that she personally involved or deliberately indifferent to his medical needs. However, the Court will provide Mr. Ruff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Mr. Ruff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must clearly identify each individual he wishes to name as a defendant and must state what each named defendant did that led to the

deprivation of his constitutional or other federal rights. *Iqbal*, at 1948-49. Although accepted as true, the "factual allegations must be [sufficient] to raise a right to relief above the speculative level ..." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965 (citations omitted). Finally, Mr. Ruff is advised that the amended complaint will supercede the original complaint and must be retyped or reprinted so that it will be complete in itself including exhibits. without reference to the original complaint. Therefore, all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.

If Plaintiff fails to file an amended complaint, the Court will dismiss the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate order will follow.

/s/ A. Richard Caputo  
**A. RICHARD CAPUTO**  
**United States District Judge**

**Date: April 14, 2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RUFF, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-10-0603 |
| v. | : | |
| | : | (Judge Caputo) |
| HEALTH CARE ADMINISTRATOR, *et al.*, | : | |
| Defendants | : | |

# O R D E R

**AND NOW**, this **14th** day of **April**, **2010**, upon review of the Complaint under 28 U.S.C. § 1915(e)(2)(B), it is ordered that:

1. The Plaintiff's application to proceed *in forma pauperis* (doc. 5) is granted.

2. Mr. Ruff's claim against SCI-Coal Township, SCI-Coal Township's Medical Staff, the Health Care Administrator, and Kathryn McCarthy is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for which relief can be granted.

3. Within twenty-one (21) days of the date of this Order, Mr. Ruff may file an amended complaint, complete within itself, naming those individuals involved in the alleged claim deliberate indifference to his medical needs.

4. The Clerk of Court is directed to sent Mr. Ruff two (2) copies of this court's form civil-rights complaint which Plaintiff should use in preparing his amended complaint.

5. Failure to submit an amended complaint will result in the dismissal of Mr. Ruff's Complaint, without prejudice.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**