**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN RUFF,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-10-0603** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **HEALTH CARE ADMINISTRATOR,** | : | |
| ***et al.*,** | : | |
| | : | |
| **Defendants** | : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

John Ruff, filed the above captioned civil rights complaint on March 18, 2010,
alleging he was denied adequate medical treatment for an October 23, 2007, rib
injury that occurred at SCI-Coal Township, Coal Township, Pennsylvania. Mr. Ruff
asserts that his initial injury was misdiagnosed and went unaddressed for more than
two years. During this time an abnormal and painful growth presented on his side.
Upon further review, it was learned that his initial injury had actually fractured his rib.
Named as defendants were Kathryn McCarthy, SCI-Coal Township's Health Care
Administrator, SCI-Coal Township, and SCI-Coal Township's Medical Staff. Doc. 1,
Compl. On April 14, 2010, this Court screened his Complaint pursuant to 42 U.S.C.
§ 1915. Based on Mr. Ruff's failure to allege the personal involvement of McCarthy,
she was dismissed from the action. *See* Doc. 8. Likewise, as SCI-Coal Township

and SCI-Coal Township's Medical Department are not "persons" under 42 U.S.C. § 1983, they too were dismissed from the action. *Id*. John Ruff was directed to file an Amended Complaint on or before May 5, 2010. *Id*. Presently before the Court is Mr. Ruff's Motion for Appointment of Counsel (doc. 9), Request for Enlargement of Time (doc. 10) to file an Amended Complaint, and Motion to Produce Documents (doc. 12). For the reasons that follow, John Ruff's Motion for Counsel will be denied without prejudice, his Motion to Produce Documents will be denied, and his Motion for Enlargement of Time will be granted.

John Ruff's Motion for Counsel is based on his limited knowledge of the law, inability to afford private counsel, and his belief that the issues presented in the case are complex. Doc. 9. He claims he cannot file an amended complaint on his own or without access to his medical records. Docs. 10 and 12. Mr. Ruff claims he is entitled to a court appointed attorney. *See* Doc. 10 at § II.

A pro se litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, it is within the court's discretion pursuant to 28 U.S.C. § 1915(e)(1) to seek representation for a plaintiff. The threshold issue when exercising our discretion is whether the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). At this point, there is no pending Complaint for the Court to consider, thus the legal sufficiency of Mr. Ruff's claims cannot be adequately assessed. The Court has given John Ruff clear and direct instructions as to what information he needs to include in his Amended

Complaint. Mr. Ruff appears to be articulate and of sound mind based on his filings to date. There is no obvious reason why he cannot file an Amended Complaint on his own accord especially in light of the deference given to pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Furthermore, Mr. Ruff is in the best position to identify what caused his injury and who has allegedly mistreated his rib fracture and denied him adequate follow up care for his medical complaints of rib pain. No legal skill is required for this task. As such, Mr. Ruff's Motion for Counsel is denied without prejudice. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon another motion filed by Mr. Ruff. However, given Mr. Ruff's concerns that he does not have adequate time to research and prepare his Amended Complaint, he will be granted additional time to do so.

As for Mr. Ruff's Motion to Produce Documents, this motion will be denied without prejudice as there are no standing defendants in this action, as those named in his original complaint were dismissed pursuant to our Order of April 14, 2010. To the extent John Ruff believes he needs to review his medical records in order to formulate his Amended Complaint, he should follow the appropriate Department of Corrections policies and procedures in drafting a written request to the appropriate staff members for an opportunity to review his medical file. As there are no presently named defendants in this action, there are no defendants to be served with his discovery request or obligated to respond to the same. Likewise, there is no present discovery dispute for the Court to resolve, consequently the motion will be denied without prejudice. However, once a defendant is named, and should they

fail to respond to properly served discovery requests, Mr. Ruff may file an appropriate motion to compel with the Court.

**AND NOW, this 26th  day of APRIL, 2010**, it is ordered that:

1.  Mr. Ruff's Motion for Appointment of Counsel (doc. 9) is denied without prejudice.

2.  Mr. Ruff's Motion for Extension of Time (doc. 10) is granted.

3.  Mr. Ruff shall file an Amended Complaint in this matter on or before June 7, 2010.

4.  Failure to submit an Amended Complaint will result in the dismissal of Mr. Ruff's action without prejudice.

5.  Mr. Ruff's Motion to Produce Documents (doc. 12) is denied without prejudice.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**