# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RUFF, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-10-0603 |
| v. | : | |
| | : | (Judge Caputo) |
| HEALTH CARE ADMINISTRATOR, *et al.*, | : | |
| Defendants | : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 18, 2010, John Ruff, filed a civil rights action alleging he was denied adequate medical treatment for an October 23, 2007, rib injury that occurred at SCI-Coal Township, Coal Township, Pennsylvania. Doc. 1, Compl. On April 14, 2010, this Court screened his Complaint pursuant to 42 U.S.C. § 1915. Based on Mr. Ruff's failure to allege the personal involvement of the sole named defendant, and noting that the two entities named were not "persons" under 42 U.S.C. § 1983, Mr. Ruff was directed to file an Amended Complaint. Doc. 13. Presently before the Court is Mr. Ruff's second Motion for Appointment of Counsel. Doc. 18. For the reasons that follow, John Ruff's second Motion for Counsel will be denied without prejudice

John Ruff's second motion for counsel is similarly based as his first motion for counsel which the court denied without prejudice on April 26, 2010. Doc. 13. This is a civil action, not a criminal one. Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek

counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04. The threshold issue when exercising our discretion is whether the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). At this point, the medical defendants have moved to dismiss the Amended complaint against them. *See* Doc. 24. The defendants' motion is based on the statute of limitations, Mr. Ruff's failure to state an Eighth Amendment claim, and his failure to allege the personal involvement of the named medical defendants. *See* Doc. 25. As this case is in its procedural infancy, and until the medical defendants' motion to dismiss is addressed, the Court is unable to determine whether the case has arguable merit in fact and law. Furthermore, although Ruff is indigent, he appears to be articulate and of sound mind. Ruff does not suggest that without counsel he is unable to respond to the defendants' motion for reasons other than those experienced by all pro se inmate litigants - their incarceration, limited knowledge of the law and their indigent status. Given Ruff's filings to date, there is no obvious reason why he cannot file a response to the defendants' motion to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). As such, Ruff's motion for counsel is denied without prejudice. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon another motion filed by Ruff.

Accordingly, this 2nd day of July, 2010, it is ordered that Plaintiff's second motion for counsel (doc. 18), is denied without prejudice.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**