**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN RUFF,** : | |
| : | |
| Plaintiff : | |
| : | **CIVIL NO. 3:CV-10-0603** |
| v. : | |
| : | **(Judge Caputo)** |
| **HEALTH CARE ADMINISTRATOR,** : | |
| *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

**I.   Introduction**

On March 18, 2010, Plaintiff, John Ruff, an inmate confined at the Coal Township State Correctional Institution (SCI-Coal Township), Coal Township, PA, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 relating to the events of October 23, 2007, claiming he was improperly treated for a rib fracture. Doc. 1, Compl.  Almost two years after the injury, after experiencing an "abnormal grown with moderate pain," an x-ray of his rib was taken, and a fracture discovered. *Id.* Named as defendants are the following individuals:  Physician Assistant (PA) Brian Davis; PA Jesse Colabine; Dr. Michael Weisner; and X-ray Technician David Sabbar.[1]

---

[1] Defendants Davis, Colabine and Weisner are collectively referred to as the "medical defendants."  Although a summons was issued as to David Sabbar, the x-ray technician, the summons was neither returned nor has he entered an appearance in this matter.  Nonetheless, for the reasons discussed *infra*, the claims against him will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Presently before the Court is the medical defendants' motion to dismiss the amended complaint based on lack of personal involvement; failure to state an Eighth Amendment claim of deliberate indifference; and the statute of limitations. For the following reasons, the medical defendants' motion will be granted and the amended complaint dismissed without leave to amend due to futility.

**II.     Standard of Review**

On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). If a party does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). Pro se litigants are to be granted leave to file a curative amended complaint "even

when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### III. Background

On or about October 23, 2007, Mr. Ruff injured his rib and was examined by PA Brian Davis at the SCI-Coal Township medical unit. Doc. 17-1, Am. Compl. at p. 1.[2] PA Davis did not properly examine him and did not order an x-ray of his rib. *Id*.

On October 20, 2009, PA Colabine ordered an x-ray of Plaintiff's rib due to his complaints of moderate pain and an abnormal growth on his rib cage. Doc. 1, Compl. at p. 2; and Doc. 17-1 at p. 1. David Sabbar, a non-medical defendant, is the x-ray technician who took the October 2009 x-ray of Mr. Ruff's ribs. Doc. 15 at p. 1; Doc. 17-1 at p. 1. Sabbar advised Mr. Ruff that a fracture had occurred. Doc. 17-1 at p.1. Dr. Michael Weisner then examined the x-ray and informed Mr. Ruff that a rib fracture had occurred and that "if the pain kept occurring it would have to be rebroken and corrected. *Id*.

John Ruff asks that Sabbar, Dr. Weisner and PA Colabine be called as witnesses in this matter because "[t]he actions of Brain (sic) Davis, P.A. may have

---

[2] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

caused future harm to the plaintiff that resulted in moderate pain . . . also the misdiagnosis may have resulted in permanent abnormalities of the injured area." *Id*. at p. 2.  He seeks declaratory and monetary relief in the form of compensatory and punitive damages for the "misdiagnosis of plaintiff's rib injury". *Id*.

IV.	Discussion

    A.	Lack of Personal Involvement of PA Colabine, Dr. Weisner and X-ray Technician Sabbar*.*

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988)).  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which the plaintiff's claims are based.  *Id.*  A civil rights complaint must state time, place, and responsible person.  *Id.*  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  *Rode*, 845 F.2d at 1207-08; *see Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003).  Liability in a civil rights action cannot be predicated solely on the doctrine of *respondeat superior*.  *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)(claims brought under 42 U.S.C. § 1983 cannot be premised on a theory of *respondeat superior*)(citing *Rode*, 845 F.2d at 1207).  Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  *Rode*, 845 F.2d at 1208.  Merely alleging that an individual defendant had personal knowledge or involvement in

-4-

depriving the plaintiff of his rights is insufficient to establish personal involvement. *Id.*

Mr. Ruff claims that PA Davis failed to properly evaluate and treat his initial rib injury in October 2007. He does not suggest that PA Colabine, David Sabbar or Dr. Weisner had any involvement in the events that occurred in October 2007. Rather, their only alleged involvement comes almost two years after the initial injury and identifies how each one of them in some way led to the diagnostic testing and medical evaluation which discovered the improperly healed rib fracture. The Amended Complaint does not assert that Colabine, Sabbar or Weisner had any personal involvement in denying him medical attention in 2007 or present day. The allegations of the Amended Complaint are limited to the "action of Brain (sic) Davis" who failed to treat him in October 2007.

Mr. Ruff does not suggest PA Colabine, Dr. Weisner, or David Sabbar were aware of, condoned, participated in, or acquiesced in the actions of PA Davis in 2007, or knew of any risk of harm to him then or now, and have ignored that risk. Consequently, Mr. Ruff fails to state a claim against PA Colabine, Dr. Weisner and David Sabbar based on their alleged knowledge or participation in the October 2007 misdiagnosis.

### B. Mr. Ruff's Claims Against PA Davis are Barred by the Statute of Limitations.

Mr. Ruff asserts that PA Davis misdiagnosed his rib injury in October 2007. Plaintiff's civil-rights claims are brought pursuant to 42 U.S.C. § 1983 and are

-5-

governed by a two-year statute of limitations.  See *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000); *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). The statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)(citations omitted).

Mr. Ruff filed this action on March 18, 2010.  Hence, incidents that occurred prior to March 18, 2008, are barred by the two-year statute of limitations.  Mr. Ruff seeks to avoid the dismissal by employing the continuation violation doctrine asserting that "all Defendants intentionally concealed Plaintiff's injury and had a continuing practice of concealing Plaintiff's injury and treatment."  Doc. 30 at p. 8. The facts, as presented by Mr. Ruff, argue against the logic of this theory.  Taking the allegations of the Amended Complaint as true, as we must at the motion to dismiss stage, Mr. Ruff claims PA Davis failed to treat him in 2007, and that the remainder of the defendants became involved in his care in 2010 when he was first seen by PA Colabine who ordered an x-ray, which was taken by David Sabbar, and then read by Dr. Weisner.  Mr. Ruff does not assert, in the Amended Complaint, that any of the named defendants were involved in any ongoing denial of medical care for his rib injury or otherwise knew of the injury prior to the 2010 x-ray.  There are no allegations that Mr. Ruff was denied access to medical care for his complaints of rib discomfort between 2007 and present day.  Mr. Ruff states that Dr. Weisner advised him that "if the pain kept occurring it would have to be rebroken and corrected." Doc. 17 at p. 1.  These allegations, taken individually and collectively, taken as true, do not suggest that any defendant sought to actively conceal or misrepresent the

nature of his rib injury from him to suggest fraud as a basis to toll the statute of limitations in this matter.  Accordingly, all claims against the defendants that occurred prior to March 18, 2008, are time-barred and must be dismissed from this action.

### C. Mr. Ruff's Eighth Amendment Claim of Deliberate Indifference to his Serious Medical Need.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. amend. XIII; *see Wilson v. Seiter*, 501 U.S. 294, 296-97, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991).  A defendant violates an inmate's right to medical care under the Eighth Amendment when he or she is deliberately indifferent to the plaintiff's serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety.  *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  The inmate must satisfy this two-part conjunctive test.  Without the requisite mental state, a prison official's conduct alone will not constitute deliberate indifference.  *Id.,* 511 U.S. at 837-38, 114 S.Ct. at 1979.  To be deliberately indifferent, a prison official must know of, and disregard, an excessive risk to inmate health or safety.  *Id.,* 511 U.S. at 837-38, 114 S.Ct. at 1979.  Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to

medical care or intentionally interfering with [medical] treatment once prescribed." *Estelle*, 429 U.S. at 104-05, 97 S.Ct. at 291. Allegations of malpractice or negligent treatment are insufficient to entitle a plaintiff to relief. *Id*.

Furthermore, deliberately delaying necessary medical diagnosis for a long period of time in order to avoid providing care may constitute deliberate indifference that is actionable. *See Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir.1993). A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is ... so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted). Persistent severe pain qualifies as a serious medical need. "If 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." *Id.* at 347 (3d Cir. 1987)(quoting *Estelle*, 429 U.S. at 103, 97 S.Ct. at 290).

Mere allegations that a physician or a medical department staff member "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . ." *Estelle,* 429 U.S. at 106, 97 S.Ct. at 292. Similarly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id*., 429 U.S. at 107, 97 S.Ct. at 293. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d

Cir. 1990). Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. *White v. Napoleon*, 897 F.2d 103, 108-110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or an inmate's disagreement with his medical treatment is insufficient to establish deliberate indifference. *See Durmer,* 991 F.2d at 69. Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) quoting *Bowring v. Goodwin*, 551 F.2d 44, 48 (4th Cir. 1977).

In this case, Mr. Ruff contends he did not received adequate medical care from PA Davis in October 2007 when he was evaluated for his rib injury. Although this claim is time barred, it nonetheless does not state an Eighth Amendment claim. Mr. Ruff does not assert that PA Davis refused to evaluate him that day, but rather that he failed to order an x-ray of his ribs.[3] Clearly, the delayed diagnosis of his rib fracture, due to PA Davis' decision not to take an x-ray that day, while regrettable, based on the allegations of the Amended Complaint do not amount to more than negligence on the part of PA Davis.

---

[3] "PA Davis, he did nothing to treat Plaintiff's injury when it happened, PA Davis knew Plaintiff was in serious pain but PA Davis never examined Plaintiff correctly, and never ordered an x-ray, but only gave Plaintiff slight pain reliever when proper more complex attention was and still is needed." Doc. 30 at p . 5. Clearly, PA Davis examined Mr. Ruff, exercised his professional judgment and rendered some treatment, albeit not the treatment John Ruff desired.

John Ruff's Eighth Amendment claims against the remaining defendants are equally lacking.  Taking the facts as true, as asserted in the Amended Complaint, there is no basis to conclude that any of the other defendants have been deliberately indifferent to Mr. Ruff's medical needs.  PA Colabine, David Sabbar, and Dr. Weisner were all credited by Mr. Ruff for taking his complaint of rib discomfort seriously and getting him an x-ray which led to the discovery of the mishealed rib fracture.  There are no facts in the Amended Complaint to suggest that any of them were non-responsive to his concerns, or failed to evaluate him.  The fact that Mr. Ruff has not had his rib rebroken to date is not fatal to granting defendants' motion to dismiss on this claim.  While Mr. Ruff states that he has not been refused or denied medical care from the defendants, he also does not assert in the allegations of the Amended Complaint that he has sought and been denied the corrective surgery, or that any physician or medical defendant has recommended he presently have the surgery and it was denied or withheld.  According to Mr. Ruff, Dr. Weisner's stated that the rebreaking of the rib "may" be required in the future; not that it needed to be rebroken, or if rebroken needed to be accomplished immediately.  The fact that Mr. Ruff's rib has not been rebroken does not establish deliberate indifference on the part of any of the named defendants.  Further undercutting his Eighth Amendment claim against these individuals, in his opposition brief Mr. Ruff states that Dr. Weisner has continued to see him and issued him "minor pain reliever meds".  Doc. 30 at p. 6.  Clearly Dr. Weisner is following Mr. Ruff and is exercising his professional medical judgment with respect to his ongoing health care and pain management issues.  While this may not be the

treatment Mr. Ruff seeks, the facts as alleged do not demonstrate deliberate indifference on the part of any of the named defendants. Thus, Mr. Ruff has failed to establish an Eighth Amendment constitutional violation.

V.	Conclusion

The medical defendants' motion to dismiss will be granted. All claims against David Sabbar will also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) based on John Ruff's failure to state a claim against him for which relief may be granted. While amendment of a complaint should be liberally granted to a pro se plaintiff, in this instance, as the Amended Complaint affirmatively demonstrates that he has no right to recovery, the Court will dismiss the Amended Complaint without granting Mr. Ruff leave to file an amendment. *See Alston, supra*.

An appropriate order will follow.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO
United States District Judge**

**Date: April 8, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RUFF, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-10-0603 |
| v. : | |
| : | (Judge Caputo) |
| HEALTH CARE ADMINISTRATOR, : | |
| *et al.*, : | |
| : | |
| Defendants : | |

**O R D E R**

**AND NOW,** this **8th** day of **APRIL, 2011,** it is ordered that:

1. The medical defendants' motion to dismiss (doc. 24) is granted.

2. All claims against the defendants arising prior to March 18, 2008, are barred by the statute of limitations.

3. Mr. Ruff's Eighth Amendment claims of deliberate indifference against PA Davis, PA Colabine, and Dr. Weisner, are dismissed for failure to state a claim.

4. All claims against David Sabbar are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5. The Clerk of Court is directed to close this case.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**